# Exhibit 1



**CT Corporation**
Service of Process Notification
07/22/2022
CT Log Number 541972419

## Service of Process Transmittal Summary

**TO:** Donna Dorbuck
Raytheon Technologies Corporation
10 FARM SPRINGS RD
FARMINGTON, CT 06032-2577

**RE:** Process Served in Massachusetts

**FOR:** Raytheon Technologies Corporation  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BOYAN KURTOVICH // To: Raytheon Technologies Corporation |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Order |
| **COURT/AGENCY:** | Suffolk County Superior Court - Boston, MA<br>Case # 2284CV01514 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, Boston, MA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/22/2022 at 09:07 |
| **JURISDICTION SERVED:** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Mark D Szal<br>Szal Law Group LLC<br>6 Liberty Square<br>Number 330<br>Boston, MA 02109 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/23/2022, Expected Purge Date: 08/22/2022<br><br>Image SOP<br><br>Email Notification,  Donna Dorbuck  donna.dorbuck@rtx.com<br><br>Email Notification,  Cathy Bentley  cathy.bentley@rtx.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>155 Federal Street<br>Suite 700<br>Boston, MA 02110<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other



**CT Corporation**
**Service of Process Notification**
07/22/2022
CT Log Number 541972419

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Jul 22, 2022
**Server Name:** Drop Service

| Entity Served | RAYTHEON TECHNOLOGIES CO |
|---|---|
| Case Number | 2284CV01514 |
| Jurisdiction | MA |

| Inserts |
|---|
| | |



| Summons | CIVIL DOCKET NO. 2284 CV 01514 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: BOYAN KURTOVICH Plaintiff(s) vs. RAYTHEON TECHNOLOGIES COMPANY Defendant(s) | Michael Joseph Donovan — Clerk of Courts Suffolk — County COURT NAME & ADDRESS: SUPERIOR CIVIL COURT SUFFOLK COUNTY COURTHOUSE THREE PEMBERTON SQ. 12th Floor BOSTON, MASSACHUSETTS 02108 |
|---|---|

THIS SUMMONS IS DIRECTED TO RAYTHEON TECHNOLOGIES CO (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the SUFFOLK SUPERIOR Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, SUFFOLK SUPERIOR Court 3 PEMBERTON SQ. BOSTON, MA 02108 (address), by mail or in person **AND**

b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: MARK D. SZAL, 6 LIBERTY SQ, BOSTON, MA 02109

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.



A true copy Attest: Joseph P Casey
Deputy Sheriff Suffolk County
7-22-22

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger, Chief Justice on JULY 6, 20 22. (Seal)

Clerk-Magistrate Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated: _____           Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 1/2019

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                              SUPERIOR COURT
                                                          CIVIL ACTION
                                                          NO. _____

_____
                                  )
BOYAN KURTOVICH,                  )
                                  )
         Plaintiff,               )
                                  )
v.                                )
                                  )
RAYTHEON TECHNOLOGIES, CO.,       )
                                  )
         Defendant.               )
_____)

## COMPLAINT

### PARTIES

1. Boyan Kurtovich ("Plaintiff") is an individual residing at 2 Fidelis Way, Apartment 143, Brighton, Massachusetts

2. Raytheon Technologies, Company ("Defendant") is a Massachusetts corporation with a principal place of business at 870 Winter Street, Waltham, Massachusetts.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this action because Defendant transacts business within this Commonwealth.

4. Venue is proper because Plaintiff resides in Suffolk County.

5. There is a reasonable likelihood that the damages in this matter will exceed $50,000.

## FACTS

6. Plaintiff was initially hired by Defendant effective January 3, 2017 as a Senior Electrical Engineer II, working out of the Marlborough, Massachusetts office reporting to Stephen Moynahan III.

7. Plaintiff's performance as a Senior Electrical Engineer II always met or exceeded Defendant's expectations.

8. Plaintiff separated from Defendant effective October 25, 2018 due to a medical condition.

9. Plaintiff was rehired by Defendant effective June 24, 2019 as a Principal Electrical Engineer reporting to Benjamin Monohon.

10. Since being rehired by Defendant, Plaintiff's performance as a Principal Electrical Engineer always met or exceeded Defendant's expectations.

11. Plaintiff suffers from hypertension, which Defendant has been aware of.

12. Plaintiff lives with his mother, who is 79 years old and is immunocompromised.

13. Neither Plaintiff nor his mother are able to receive the vaccine for COVID-19 due to their religious beliefs.

14. Plaintiff's understanding has been that he could be at high risk for severe illness or death should he contract COVID-19 due to his hypertension, particularly where he is not able to receive the vaccine due to his religious beliefs.

15. Plaintiff's understanding is that his mother is similarly at high risk for severe illness or death should she contract COVID-19 due to her age and being immunocompromised as well as unvaccinated.

16. Beginning in March 2020, Plaintiff was granted the reasonable accommodation of working remotely from home.

17. There is no essential job function that Plaintiff cannot perform successfully remotely.

18. During his remote work, Plaintiff's performance always met or exceeded Defendant's expectations.

19. In or about February 2022, Defendant unilaterally revoked Plaintiff's reasonable accommodation and ordered him back to in person work, requiring that he obtain a negative COVID-19 test via nasal swab within 72 hours of coming on site and testing weekly thereafter.

20. Due to Plaintiff's medical condition, he is not able to be tested for COVID-19 via nasal swab, which Defendant is aware of.

21. Plaintiff sought to continue his reasonable accommodation/remote work; however, on February 15, 2022, Plaintiff received a "final written warning" which stated that he "failed to complete required testing on 2/15/2022 which is in violation on the Raytheon Technologies mandatory vaccination policy."

22. Plaintiff objected to this final written warning the same day, and requested that his reasonable accommodation be continued.

23. As of February 15, 2022, Plaintiff has been placed on "paid suspension" with Defendant. During his "paid suspension," Plaintiff was told that he was not permitted to attend any company meetings because of his suspension.

24. On February 18, 2022, Plaintiff was asked to complete a reasonable accommodation form provided by Defendant, which he completed and returned the same day.

25. On February 22, 2022, Defendant acknowledged receipt of the form, but asked Plaintiff to provide medical documentation from his health care provider to help support the need

3

for his reasonable accommodation and provided a form to be completed by Plaintiff's doctor.

26. Defendant already had sufficient medical documentation to continue Plaintiff's reasonable accommodation, including a letter from his doctor that he provided to Defendant again on February 23, 2022.

27. Despite this, Plaintiff attempted to comply with Defendant's continued requirements.

28. On March 2, 2022, Plaintiff attended a performance review meeting, during which he was given a lower performance rating (2) than his typical performance ratings with Defendant (3).

29. This performance rating was given in retaliation for Plaintiff's request for the continued reasonable accommodation of remote work.

30. Plaintiff offered a written rebuttal to the performance review the same day, in which he objected to the review as factually incorrect.

31. On March 4, 2022, Plaintiff was told by Defendant that the medical documentation that he submitted was "insufficient."

32. Plaintiff was asked to provide medical documentation from a current medical provider that: (a) describes the nature, severity, and duration of his impairment, the activity or activities that the impairment limits, and the extent to which the impairment limits his ability to perform the activity or activities; and (b) substantiates why the requested reasonable accommodation is needed.

33. On March 9, 2022, Plaintiff was reminded by his manager that he was not permitted to attend any company meetings, including any company "all hands" meetings, while on suspension.

34. On March 21, 2022, Plaintiff submitted the reasonable accommodation form completed by his doctor.

35. Plaintiff's doctor confirmed that Plaintiff was at increased risk of severe illness from COVID-19 and recommended that continuing to work remotely would limit the risk of complications/infection.

36. In response, Defendant asked Plaintiff's physician to consider other accommodations, including potentially providing "a private office where work can be performed in isolation."

37. As of the date of filing, more than four months after his initial request to continue his reasonable accommodation, Defendant has refused to make any decision as to Plaintiff's reasonable accommodation request, and he continues to be on "paid suspension."

38. On May 10, 2022, Plaintiff filed a Charge of Discrimination with the Commonwealth of Massachusetts Commission Against Discrimination ("MCAD").

39. Plaintiff has been allowed by MCAD to withdraw his Charge from MCAD in order to file a private right of action in civil court.

40. Plaintiff has exhausted all administrative remedies prior to filing this lawsuit.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF G.L. c. 151B

41. Plaintiff repeats and realleges paragraphs 1-40 above as if fully set forth fully herein.

42. Plaintiff has timely satisfied all of the prerequisites to suit under G.L. c. 151B by filing a Charge of Discrimination at the MCAD and being permitted to withdraw his Charge from the MCAD in order to file a private right of action in civil court.

43. Defendant discriminated against Plaintiff because of his disability in violation of G.L. c. 151B.

44. Defendant failed to offer Plaintiff a reasonable accommodation that would have enabled Plaintiff to perform the essential functions of his job.

45. Defendant unilaterally revoked Plaintiff's reasonable accommodation.

46. Defendant failed to engage in the interactive process in any meaningful way when Plaintiff requested a continued reasonable accommodation.

47. As a result thereof, Plaintiff suffered and continues to suffer loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

## COUNT II
### ASSOCIATIONAL DISABILITY DISCRIMINATION IN VIOLATION OF G.L. c. 151B

48. Plaintiff repeats and realleges paragraphs 1-47 above as if fully set forth fully herein.

49. Plaintiff has timely satisfied all of the prerequisites to suit under G.L. c. 151B by filing a Charge of Discrimination at the MCAD and being permitted to withdraw his Charge from the MCAD in order to file a private right of action in civil court.

50. Defendant discriminated against Plaintiff because of his disability of someone he is associated with in violation of G.L. c. 151B.

51. Defendant failed to offer Plaintiff a reasonable accommodation due to the disability of someone that he is associated with that would have enabled Plaintiff to perform the essential functions of his job.

52. Defendant unilaterally revoked Plaintiff's reasonable accommodation, in part due to the disability of someone that he is associated with.

53. Defendant failed to engage in the interactive process in any meaningful way when Plaintiff requested a continued reasonable accommodation based on the disability of someone that he is associated with.

6

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>2284CV01514 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Boyan Kurtovich vs. Raytheon Technologies Company | | Michael Joseph Donovan, Clerk of Court |
| TO: Mark D Szal, Esq.<br>Szal Law Group LLC<br>6 Liberty Square<br>Number 330<br>Boston, MA 02109 | | COURT NAME & ADDRESS<br>Suffolk County Superior Court - Civil<br>Suffolk County Courthouse, 12th Floor<br>Three Pemberton Square<br>Boston, MA 02108 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                        **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 10/04/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 11/03/2022 | |
| All motions under MRCP 12, 19, and 20 | 11/03/2022 | 12/05/2022 | 01/03/2023 |
| All motions under MRCP 15 | 11/03/2022 | 12/05/2022 | 01/03/2023 |
| All discovery requests **and depositions** served and non-expert depositions completed | 05/02/2023 | | |
| All motions under MRCP 56 | 06/01/2023 | 07/03/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/30/2023 |
| Case shall be resolved and judgment shall issue by | | | 07/05/2024 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 07/06/2022 | Margaret M Buckley | (617)788-8110 |

Date/Time Printed: 07-06-2022 09:28:09        SCV026\ 08/2018